Hay, Judge,
delivered the opinion of the court :
The plaintiff was, in December, 1919, a resident member of the Phoenix Country Club. He became a resident member of said club by complying with the by-laws of said club, which provided that resident members should be required to be the owner of at least one share of the capital stock of the corporation.
On July 25, 1922, the collector of internal revenue for the district of Arizona demanded a tax of $25 from the plaintiff as a tax on “ initiation fees ” under section 801 of the revenue act of 1918. The tax was assessed on the payment by the plaintiff of $250 for one share of the capital stock in the Phoenix Country Club, and upon the theory that his subscription and payment for one share of said stock was an initiation fee paid by him for membership in said club. On August 8, 1922, the plaintiff paid the tax to the collector under protest. On March 21, 1923, the plaintiff filed a claim for refund of the tax so paid. The claim for refund was adjusted by the Commissioner of Internal Revenue on September 5, 1923, and was allowed in the sum of $5, and rejected in the sum of $20. This adjustment the plaintiff refused to abide by, and has brought suit in this court for the amount so paid by him. Section 801 of the revenue act of 1918 reads as follows:
“ Sec. 801. That from and after April 1, 1919, there shall be levied, assessed, collected, and paid, in lieu of the taxes imposed by section 701 of the revenue act of 1917, a tax equivalent to 10 per centum of any amount paid on or after *597 such date, for any period after such date, (a) as dues or membership fees (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization; or (b) as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees (not including initiation fees) of an active resident annual member are in excess of $10 per year; such taxes to be. paid by the person paying such dues or fees: Provided, That there shall be exempted from the provisions of this section all amounts paid as dues or fees to a fraternal society, order, or association, operating under the lodge system. In the case of life memberships a life member shall pay annually, at the time for the payment of dues by -active resident annual members, a tax equivalent to the tax upon the amount paid by such a member, but shall pay no tax upon the amount paid for life membership.”
The regulation of the Treasury Department with respect to initiation fees is to be found in article 13 of regulations No. 43 (revised December, 1920), and reads as follows:
“Art. 13. Initiation fees. — The revenue act of 1918 imposes a tax of 10 per cent on any amount paid as initiation fees to any club which is within the terms of the act (see art. 1-7, above) : Provided, That either (a) such initiation fees amount to more than $10, or (b) the regular dues or membership fees (not including extraordinary dues or assessments, or penalties incurred by failure to pay promptly) of ‘ an active resident annual member ’ of such club are in excess of $10 per year. (See art. 12 and the analysis just before art. 11, above.) The term ‘ initiation fee ’ includes any payment to the club required for becoming a member, whether evidenced by a certificate of membership or a share of stock in the club or not.”
Is the payment made by the plaintiff within the terms of the statute? The statute provides for the payment of a “ tax equivalent to 10 per centum of any amount paid * * * as initiation fees to such a club or organization, if such fees amount to more than $10.” In this case the amount paid by the plaintiff was the sum of $250 for one share, par value $250, of the capital stock of the Phoenix Country Club. By subscribing to and paying for this share of stock the plaintiff was entitled to become a member of the club if he was elected to membership by the board of directors of said club. He might have purchased the stock and still *598 might not have become a member of the club. In this case the plaintiff was one of a certain number of persons who founded and established the club. His purchase of a share of the stock was not the payment of an initiation fee in the ordinary meaning and common acceptance of those words. An initiation fee is a payment made by a person who wishes to become a member of a social or fraternal club already established, and not the payment by a person who with others founds and establishes a club.
When an initiation fee is paid there is no expectation that the person so paying it will have it refunded. It is a payment which goes to the club for its uses and does not hold out any hope of being returned. In this case under certain contingencies mentioned in the by-laws the share of stock purchased by the plaintiff will be returned to him or to his personal representatives. Thus the subscription to and payment for the share have not the characteristics of “ initiation fees,” the words used in the statute.
Congress in enacting laws does not use words different in meaning from the common and well-understood meaning of the words used. If there is any doubt about their meaning it must be resolved in favor of the taxpayer. We are asked by the Government not to construe the statute but to- enlarge it, so that all payments to clubs, whether in money or by purchase stock, may be included in the words “ initiation fees.” See Iselin v. United States, decided March 1, 1926, by the Supreme Court of the United States, 210 U. S. 245.
We are of opinion that the plaintiff was not liable for the tax which was collected from him, and judgment will be entered against the United States.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.